UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

IN RE:
SIERRA SHALIA CONNEY          *     Case No.: 23-13492-NVA
   Debtor
                                                  *     Chapter 7

_____
SIERRA SHALIA CONNEY          *
   Movant
                                                  *

v.
                                                  *

STATE OF MARYLAND
CENTRAL COLLECTION UNIT       *
   Respondent
                         *    *    *    *    *

**STATE OF MARYLAND CENTRAL COLLECTION UNIT'S RESPONSE
TO DEBTOR'S PETITION FOR CONTEMPT AND SANCTIONS**

      The State of Maryland Central Collection Unit, by its attorneys, Anthony G. Brown, Attorney General of Maryland; Susan C. Scanlon, Assistant Attorney General; and Amanda N. Scanlon, Assistant Attorney General; hereby files this Response to Debtor/Movant's Petition for Contempt and Sanctions for Willful Violation of Discharge Injunction (Pursuant to 11 U.S.C. §§ 524 and 105(a)), and in support thereof states:

      1.     Debtor/Movant Sierra Shalia Conney aka Sierra Shalia Arnold filed a *Pro Se* petition for relief pursuant to Chapter 7 of the Bankruptcy Code on May 18, 2023.

      2.     Creditor/Respondent, State of Maryland Central Collection Unit ("CCU"), was incorrectly listed as an unsecured priority creditor on Schedule E/F and appeared on the creditor matrix.

      3.     An Order Discharging Debtor was entered on August 31, 2023.

      4.     CCU is the assignee of the Maryland Department of Parole and Probation.

5.      Md. Code Ann., Crim. Proc. § 11-603 makes clear that a court may only enter a judgment of restitution if certain conditions are satisfied. Section 11-603(a)(2)(ii) permits the imposition of a judgment of restitution when the victim suffers "direct out-of-pocket loss" "as a direct result of the crime."

6.      Debtor admits that this indebtedness stems from a judgment of restitution (Debtor's Motion ¶ 8). Pursuant to the Judgment of Restitution entered by the Circuit Court for Baltimore City on December 6, 2019 in Case Number 819284008 and acknowledged by Debtor as evidenced by her signature, Debtor was given until December 6, 2020 to repay the judgment of restitution. A true and accurate copy of the Judgment of Restitution is attached hereto as **<u>Exhibit 1</u>** and incorporated herein by reference.

7.      Md. Code Ann., Crim. Proc. § 11-609(a) unequivocally states "A judgment of restitution that a circuit court orders under Part I of this subtitle shall be recorded and indexed in the civil judgment index by the clerk of the circuit court as a money judgment as the Maryland Rules provide."

8.      As such, this criminal restitution judgment was indexed by Baltimore City Circuit Court as a civil money judgment on December 6, 2019 and assigned case number 24-C-19-006753.

9.      Defendant admits that she did not repay the restitution judgment (Debtor's Motion ¶ 13).

10.     11 U.S.C. §523 (a)(7) excepts from discharge debts "for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss…."

11.     The Supreme Court emphasized in *Kelly v Robinson*, 479 U.S. 36 (1986), the

necessity that bankruptcy law not hamper the flexibility state criminal judges possess in crafting punishments that balance the many goals of the criminal justice system.

12. In so holding, Justice Powell reasoned "Our interpretation of the Code also must reflect the basis for this judicial exception, a deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings. The right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States." *Id.* at 47.

13. Further, Justice Powell recognized, "Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution. Moreover, the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant." *Id.* at 52.

14. A discharge order "operates as an injunction" against any act to collect a discharged debt. 11 U.S.C. § 524(a)(2).

15. 11 U.S.C. § 105 allows a court "to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

16. The Supreme Court held in *Taggart v. Lorenzen*, 587 U.S. 554, 560 (2019), that a court is only authorized to impose sanctions under 11 U.S.C. §§ 524 and 105 when there exists "no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order."

17. Given the reasons stated herein, there exists more than an objectively reasonable basis for CCU's assertion that Debtor's debt is nondischargeable, making any collection efforts in complete accordance with § 524(a)(2).

18.  As there is no dispute as to the fact that Debtor's indebtedness is a non-dischargeable restitution judgment, her Motion necessarily fails to present any facts that would permit this Court to grant any of the relief sought in the Motion.

19.  The Debtor's Motion must be denied.

Respectfully submitted,

ANTHONY G. BROWN
ATTORNEY GENERAL OF MARYLAND

Dated: March 3, 2025

*/s/ Susan C. Scanlon*
Susan C. Scanlon #28832
Assistant Attorney General
Amanda N. Scanlon # 30532
Assistant Attorney General
Office of the Attorney General
Department of Budget & Management
300 W. Preston St., Rm 407
Baltimore, MD 21201
410-767-1234 (tel) 410-333-5887 (fax)
Susan.Scanlon@Maryland.gov
Amanda.Scanlon@Maryland.gov
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 3, 2025, a copy of the foregoing Response to Motion for Contempt was mailed, by first class mail, postage prepaid, to:

Sierra Shalia Conney
7020 Southmoor St. Unit 2203
Hanover, MD 21076-2148

*/s/ Susan C. Scanlon*
Susan C. Scanlon
Assistant Attorney General

4